**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

ALLIANT PURCHASING, LLC,                )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )    Civil Action No. 3:25-CV-00006-CHB
                                        )
OMNIA PARTNERS, LLC and                 )
PREMIER, INC.                           )
                                        )
                    Defendants.         )

**OMNIA PARTNERS, LLC'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS AMENDED VERIFIED COMPLAINT**

On March 5, 2025, Defendant Omnia Partners, LLC ("Omnia") moved to dismiss with prejudice all counts alleged against Omnia in Alliant Purchasing, LLC's ("Alliant" or "Plaintiff") Amended Verified Complaint ("Amended Complaint") (Dkt. No. 6) pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion" or "Motion to Dismiss") (Dkt. No. 16). On March 26, 2025, Alliant filed its Response in Opposition to Omnia's Motion to Dismiss ("Response") (Dkt. No. 31). Omnia now submits this Reply in Support of its Motion Dismiss.

**INTRODUCTION**

Alliant entered into an agreement with nonparty Non-Healthcare Holdings LLC ("the NHH Agreement") with full understanding and express agreement that the NHH Agreement was Alliant's exclusive means of accessing the Premier Program for its non-healthcare accounts, that Omnia was not a party to the NHH Agreement, and that any conflicts that arose from the NHH Agreement would be resolved ███████████████████ with NHH. Alliant disregarded these contractual obligations and requirements by bringing this lawsuit against Omnia. Unsurprisingly, Alliant did not and could not sufficiently plead its claims against Omnia because

Omnia is not a proper party to this dispute. In an attempt to cure its deficient pleadings, Alliant's Response includes brand new causes of action, theories of liability, factual allegations, and documents that were not pled in the Amended Complaint. The law is clear: Alliant cannot cure its pleading deficiencies through an opposition to a motion to dismiss. Furthermore, under Sixth Circuit precedent, Alliant's throwaway request to amend the Amended Complaint in the Response's final paragraph is not a proper motion to amend and must be disregarded by the Court. Accordingly, the Court should grant Omnia's Motion to Dismiss, with prejudice.

## ARGUMENT

### I. Omnia is not a proper party to this litigation.

Alliant—a sophisticated business represented by counsel—voluntarily and knowingly entered into the NHH Agreement *without Omnia as a party thereto*, which explicitly provides that



(Ex. 1 to Motion, NHH Agreement, (Sealed Dkt. No. 16-2; Unsealed Dkt. No. 18-1) ) Accordingly, Alliant was aware that the resolution of any conflict regarding non-healthcare accounts would be governed by the NHH Agreement, including its (*id.* ), and could not be brought against Omnia.

Alliant must be held to the terms of the deal that it struck. To the extent that Alliant has a claim arising from Metz's transfer request, that claim must be dealt with in the ongoing arbitration Alliant brought against NHH based on the same core factual allegations at issue in this lawsuit seeking the same damages.

### II. Alliant's claim that Defendants concealed NHH's position as the exclusive sponsor for non-healthcare accounts is contradicted by the express terms of the NHH Agreement and, therefore, must be disregarded.

In its Response, Alliant repeatedly claims that the Defendants somehow concealed Omnia's acquisition of NHH ("the NHH Transaction") and NHH's status as the exclusive sponsor

for non-healthcare accounts (*see* Response (Dkt. No. 31) at 2, 4–5, 12, 16, 18, 21). However, this fabrication is directly contradicted by the express terms of the NHH Agreement, as executed by Alliant and NHH, which ███████████████████████████████████████████ ██████████ (Ex. 1 to Motion, NHH Agreement, (Sealed Dkt. No. 16-2; Unsealed Dkt. No. 18-1) ████ between NHH and Premier LP and expressly provides that Alliant's exclusive access for non-healthcare accounts is through the NHH Agreement and, thereby, NHH (*id.* ██████). Furthermore, the NHH Transaction was publicly announced[1] and disclosed in Premier's public SEC filings.[2] Accordingly, Alliant voluntarily and knowingly entered into to NHH Agreement with full knowledge of the NHH Transaction and agreement that NHH would be the exclusive access for Alliant's non-healthcare accounts. As the Sixth Circuit has established, courts are to disregard assertions in a pleading that are inconsistent with documents upon which the pleadings rely and must accept the facts as stated in such documents. *See Williams v. CitiMortgage, Inc.,* 498 Fed. App'x 532, 534–536 (6th Cir. 2012). Therefore, the Court should disregard Alliant's baseless allegations that Defendants concealed the NHH Transaction and NHH's status as the exclusive means to access the Premier Program for Alliant's non-healthcare accounts.

---

[1] Premier Inc., *Premier, Inc. to Divest Non-Healthcare GPO Operations for Approximately $800 Million in Cash* (June 14, 2023), https://premierinc.com/newsroom/press-releases/premier-inc-to-divest-non-healthcare-gpo-operations-for-approximately-800-million-in-cash (last visited Apr. 9, 2025); OMNIA Partners, *OMNIA Partners Finalizes Purchase of Non-Healthcare GPO Operations from Premier, Inc.* (July 25, 2023), https://www.omniapartners.com/about-us/in-the-news/omnia-partners-finalizes-purchase-of-premier-inc (last visited Apr. 9, 2025).

[2] Premier, Inc. Current Report (Form 8-K), U.S. SEC. & EXCH. COMM'N (June 15, 2023), https://www.sec.gov/ix?doc=/Archives/edgar/data/0001577916/000119312523167364/d481811d 8k.htm (last visited Apr. 9, 2025); Premier, Inc. Annual Report (Form 10-K), U.S. SEC. & EXCH. COMM'N (Aug. 22, 2023), https://www.sec.gov/ix?doc=/Archives/edgar/data/0001577916/000 157791623000014/pinc-20230630.htm (last visited Apr. 9, 2025).

**III.     Alliant's claim for declaratory judgment (Count I) must be dismissed because Omnia is not a proper party, there is a significant risk of inconsistent rulings, and the relief would negatively affect non-parties.**

For the reasons set forth in Section I of the Motion and this Reply, Omnia is not a proper party to this litigation as only NHH is a party to the NHH Agreement. This is especially pertinent as to Alliant's declaratory judgment claim because the Court cannot grant the relief sought without non-party NHH, who is the only entity that can effectuate the requested transfer. Alliant appears to understand this issue because it has sought the same declaratory relief from NHH in the arbitration. Accordingly, there is a significant risk of inconsistent rulings as it is entirely possible that the Court may rule that transfer was not permitted under the R&R Policy and the arbitrators may rule that the transfer was permitted, or vice versa. As Alliant knowingly entered into the NHH Agreement, ███████████████████████████████████████████████ ██████████████████ Alliant must allow the arbitrators to determine whether it is entitled to the declaratory relief requested. Accordingly, the Court should dismiss Alliant's claim for declaratory judgment in this litigation with prejudice.

The Court should dismiss Alliant's claim for declaratory judgment because Omnia is not a proper party.

**IV.     The Court must disregard Alliant's attempt to cure its deficient breach of contract claim (Count II) by improperly including new theories of liability, factual allegations, and documents not pled in the Amended Complaint.**

In a late-stage attempt to cure its obvious pleading deficiencies, Alliant has improperly included new causes of action, factual allegations, and documents to oppose Omnia's Motion to Dismiss Alliant's breach of contract claim. As a general rule, a court considering a motion to dismiss must focus only on the allegations in the pleadings" which "does not include plaintiffs' responses to a motion to dismiss." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (internal quotations and citations omitted). "If plaintiffs believe they need

4

to supplement their complaint with additional facts to withstand [a motion to dismiss] ... they have a readily available tool: a motion to amend the complaint under Rule 15. They cannot amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Id.* (internal quotations and citations omitted). Accordingly, the law is clear: Alliant's late-stage attempts to cure pleading deficiencies through its Response cannot be tolerated.

First, Alliant improperly attempts to shoehorn in a new claim through a footnote in the Response. In the Motion, Omnia argues that the R&R Policy is not an independent contract but rather a policy incorporated into the NHH Agreement and is, therefore, only binding as to Alliant and NHH. In acknowledgement of this glaring deficiency in Alliant's claims, Alliant—for the very first time—alleges an alter-ego theory of liability based upon a host of unsupported and unpled "facts"[3] in an attempt to claim that Omnia is somehow a party to the NHH Agreement. Alliant did not, however, include an alter-ego theory of liability or a claim to pierce the corporate veil in its Amended Complaint. That failure is fatal to Alliant's argument. "A theory of liability that the corporate veil should be pierced must be pled in the complaint." *Sudamax Industria e Comercio de Cigarros, Ltda v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 847–48 (W.D. Ky. 2007) (citing *Morgan v. O'Neil,* 652 S.W.2d 83, 85 (Ky.1983) and *Natural Resources and Environmental Protection Cabinet v. Williams,* 768 S.W.2d 47, 50–51 (Ky.1989)). By relegating such an

---

[3] Alliant does not even attempt to cite to the Amended Complaint for the vast majority of its allegations in the first footnote. The only reference to the Amended Complaint is based on Alliant's argument that "Omnia facilitated the execution of the NHH Agreement[.]" (Response (Dkt. No. 31) at 7 n.1 (citing to Am. Compl. (Dkt. No. 6) at ¶¶ 46–49).) However, Alliant never explains how such an allegation supports a claim for alter-ego liability and, even if Alliant provided such an explanation, two of the four paragraphs relied upon do not even mention Omnia or NHH. (Am. Compl. (Dkt. No. 6) at ¶¶ 48–49.) It is clear that Alliant failed to include any factual support for this late-stage claim.

argument to a footnote, it is clear that Alliant is aware that it did not plead any such claim in the Amended Complaint.   The Court should completely disregard this unpled claim and the unsupported, new factual allegations.

Second, Alliant alleges that Omnia has breached an implied-in-fact contract with Alliant. The Amended Complaint, however, does not include any allegations regarding an implied contract. In fact, the word "implied" does not appear a single time in the Amended Complaint.   Under Kentucky law, the elements for a claim alleging a breach of an implied-in-fact contract are different from the elements for a standard breach of contract claim. *See Furtula v. Univ. of Kentucky*, 438 S.W.3d 303, 308 n.6 (Ky. 2014), *as modified* (June 23, 2014) ("By definition, an implied contract is one neither oral nor written—but rather, implied in fact, based on the parties' actions. … A contract implied in fact rests upon the conduct of the parties and not their verbal or written words. Thus, the theories of express contract and of contract implied in fact are mutually exclusive.") (internal quotations and citations omitted).   In the Amended Complaint, Alliant alleges only that "The R&R Policy is [sic] valid and enforceable contract." (Am. Compl. (Dkt. No. 6) at ¶ 115.) While Alliant strategically failed to attach the actual contract at issue, the NHH Agreement, Alliant did attach a copy of the written R&R Policy.[4]   (Ex. 1 to Am. Compl., R&R Policy, (Dkt. No. 6-1).)   Clearly, that purported "agreement" is in writing, and Alliant did not include allegations that Omnia's conduct created an implied contract.   Accordingly, Alliant cannot add an entirely new cause of action to its claims in an attempt to thwart a proper motion to dismiss.   The Court should disregard all such references to an implied contract in Alliant's Response.

---

[4]     For the reasons stated in Omnia's Motion, the R&R Policy is clearly not a contract and is only binding on NHH and Alliant as to non-healthcare accounts solely because of the NHH Agreement. Omnia is not a party to the NHH Agreement. (Mem. in Supp. of Motion (Dkt. No. 16-1) at 2 n.1, 3, 11, 14.)

Third, Alliant attempts to attach and rely upon purported communications between the parties that were not attached to the Amended Complaint, are not central to Alliant's claims in the Amended Complaint, are not public records, and are not appropriate for judicial notice. *See Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 291 (6th Cir. 2015) (generally, matters outside the pleadings are not to be considered; but courts "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice.") The Court should disregard these attachments and the references thereto in the Response. Even if the Court were to consider these communications, they do not support Alliant's argument that Omnia was responsible for determining that Metz's requested transfer did not comply with the R&R Policy. Alliant's argument is contrary to the allegations in the Amended Complaint and misstates Omnia's argument.

Omnia argues only that, as Alliant pled in its Amended Complaint, Premier is the final arbiter of the R&R Policy and made the ultimate determination that the transfer request was improper. (Mem. in Supp. of Motion (Dkt. No. 16-1) at 14–15.) As is required at the motion to dismiss stage, Omnia's argument is entirely consistent with Alliant's allegations in the Amended Complaint. The Amended Complaint alleges that "Omnia/NHH asserted that Metz's requested transfer was improper [under] the R&R Policy;" "Alliant and Metz disagreed with Omnia/NHH's determination and Alliant contacted Premier, which retained the ability to administer the R&R Policy;" and Premier, as the final arbiter, determined that Metz could not transfer its non-healthcare accounts to Alliant under the R&R Policy. (Am. Compl. (Dkt. No. 6) at ¶¶ 70, 72–76, 97–101.) Accordingly, Omnia's argument is consistent with the allegations in the Amended Complaint: Premier, as the final arbiter of the R&R Policy, determined that Metz's transfer request was improper under the R&R Policy and, accordingly, NHH could not and would not effectuate the

transfer. This argument is also consistent with the emails attached to Alliant's Response but not cited in or attached to the Amended Complaint, which indicate only that the transfer request was denied. Accordingly, Alliant's inclusion of these communications does not and cannot cure the fact that Omnia has not entered into any contracts with Alliant, and Alliant must seek relief from NHH.

Finally, Alliant fails to sufficiently address Omnia's argument that Alliant is simply asserting violations of Metz's purported contractual right to transfer its accounts. Alliant baselessly argues that the R&R Policy creates a right for Sponsors to receive transferred accounts. (Response (Dkt. No. 31) at 10 (citing to Am. Compl. (Dkt. No. 6) at ¶¶ 20–23).) The relied-upon paragraphs in the Amended Complaint, however, do not discuss any contractual rights to transfer or receive transferred accounts (*id.*), and the text of the R&R Policy does not create rights for the proposed recipient of transferred accounts. Accordingly, Alliant has not and cannot plead that it had any contractual right to receive Metz's transferred accounts and Alliant does not have standing to assert any of Metz's purported contractual rights.

Alliant has not and cannot plead a breach of contract claim against Omnia because Omnia has not entered into a contract with Alliant, and Alliant cannot now include new claims, factual allegations, or documents in response to a valid motion to dismiss. Therefore, the Court should dismiss Alliant's breach of contract claim with prejudice.

## V.    Alliant fails to rebut Omnia's argument that Alliant's tortious interference claim (Count III) fails because Alliant has not and cannot plead that Omnia acted with improper motive.

Alliant's Response completely fails to rebut Omnia's argument that "the party whose interference is alleged to have been improper may escape liability by showing that he acted in good faith to assert a legally protected interest of his own." *Nat'l Collegiate Athletic Ass'n By & Through Bellarmine Coll. v. Hornung*, 754 S.W.2d 855, 858 (Ky. 1988). Even assuming that Omnia had a

8

contractual right to decide Metz's transfer request and that Omnia made the final decision to deny the transfer request—both of which are denied—Omnia acted in good faith to assert legally protected rights under the NHH Agreement and the R&R Policy. This is consistent with Alliant's allegations in the Amended Complaint. (Am. Compl. (Dkt. No. 6) at ¶ 70 ("Omnia/NHH asserted that Metz's requested transfer was improper because the R&R Policy did not allow non-healthcare Member Facilities to select a new Sponsor following their former Sponsor's change of control.").) Accordingly, Alliant has not and cannot state a claim for intentional interference against Omnia and the Court should dismiss this claim.

Instead of rebutting Omnia's argument, Alliant claims that a barebones recitation of the elements is sufficient to satisfy the pleading standards. However, that argument is contrary to long-established precedent. "Pleadings that merely offer 'labels and conclusions or a formulaic recitation of the elements of a cause of action,' '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' or 'naked assertions devoid of further factual enhancement' will not suffice." *Jocke v. City of Medina*, Ohio, No. 22-3954, 2023 WL 5167326, at *4 (6th Cir. Aug. 11, 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Further, the cases that Alliant relies upon do not support its argument that a mere recitation of the improper motive element is sufficient to meet pleading requirements. In *GreenCity Demo, LLC v. Wood Env't & Infrastructure Sols., Inc.*, the plaintiff included far more detailed allegations than Alliant provided in its Amended Complaint, and the Court specifically noted that the plaintiff sufficiently alleged that there was no justification or privilege that excused the defendant's interference. 2021 WL 278302, at *4–5 (W.D. Ky. Jan. 27, 2021). Similarly, in *Mohr Partners, Inc. v. CBRE Grp., Inc.*, the Court noted that the plaintiff specifically alleged that the defendant had no justification for interfering and had pled sufficient facts showing that the defendant was not

9

engaging in mere competitive business practices.  2020 WL 6704580, at \*5–6 (W.D. Ky. Nov. 13, 2020).  Here, Alliant has not and cannot allege that Omnia and/or NHH lacked justification for their purported actions because, as the Amended Complaint makes clear, any such acts were done to protect NHH's contractual rights under the NHH Agreement.

**VI.**    **The Court should disregard Alliant's argument in support of its breach of fiduciary duty claims (Counts IV and V) as it is contrary to Kentucky law and the NHH Agreement and improperly includes new factual allegations and documents.**

Alliant relies upon *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544 (Ky. 2009) and *Security Trust Co. v. Wilson*, 210 S.W.2d 336 (1948) to argue that a fiduciary relationship can arise informally (Response (Dkt. No. 31) at 13).  Both *Flegles* and *Security Trust*, however, support Omnia's argument that a fiduciary duty cannot arise without both parties expressly agreeing that one party will act in the primary interest of the other (Mem. in Supp. of Motion (Dkt. No. 16-1) at 18).  In fact, the *Flegles* court specifically ruled that a business relationship similar to Alliant's and NHH's relationship did not give rise to a fiduciary duty, let alone a fiduciary relationship with Omnia which has no contractual relationship with Alliant:

> Flegles has cited no authority holding that a cooperative wholesaler owes a fiduciary duty to its members as customers. The relationship between wholesaler and retailer, of course, is not one of the traditional fiduciary relationships, but is generally an ordinary, arms-length market arrangement. A fiduciary, moreover, is one who has expressly undertaken to act for the plaintiff's primary benefit. Although fiduciary relationships can be informal, a fiduciary duty does not arise from the universal business duty to deal fairly nor is it created by a unilateral decision to repose trust and confidence; it derives from the conduct or undertaking of the purported fiduciary. Flegles contends that TruServ converted itself to a fiduciary by undertaking to analyze Flegles' expansion prospects, but as the discussion above makes clear, TruServ did not control any aspect of Flegles' business, it did nothing to prevent Flegles from obtaining other information and advice concerning the expansion, and it never undertook to act for Flegles' primary benefit, but always acted, openly, for the benefit of the cooperative as a whole, as it had a duty to do.

*Flegles*, 289 S.W.3d at 552 (internal citations omitted).  Furthermore, the *Security Trust* language quoted in Alliant's Response was discussing a confidential relationship, not necessarily a fiduciary

relationship, in the context of a guardian-ward and uncle-niece relationship—not an arms-length commercial relationship.  210 S.W.2d at 336, 339.

Regardless, the Court must reject Alliant's argument that a fiduciary duty can arise from an agency relationship.  (Response (Dkt. No. 31) at 13–14.)  First, Alliant's argument that Defendants acted as Alliant's agent is contradicted by the express language of the NHH Agreement, which states that ███████████████████████████████████████████

███████████████████████████████████████



(Ex. 1 to Motion, NHH Agreement, (Sealed Dkt. No. 16-2; Unsealed Dkt. No. 18-1) ██████.) Therefore, Alliant's claims that the Defendants owed fiduciary duties because they acted as Alliant's agents are expressly contradicted by the terms of the NHH Agreement.  The Court should not accept "facts" that are clearly erroneous based on the terms of the NHH Agreement that Alliant executed.  *See Williams*, 498 Fed. App'x at 534–536.

Finally, as with Alliant's argument regarding its breach of contract claim, Alliant attempts to cure its pleading deficiencies by relying upon documents that are not referenced in or attached to the Amended Complaint.  (Response (Dkt. No. 31) at 15 (relying upon a purported *Premier Group Purchasing Code of Conduct*).)  As the title of the document states, this is Premier's document, not Omnia's document.  This document was not attached to the Amended Complaint,

11

is not central to Alliant's claims in the Amended Complaint, is not a public record, and is not appropriate for judicial notice. Accordingly, the Court should disregard the improperly referenced document. *Campbell*, 611 F. App'x at 291.

**VII.    The Court should disregard Alliant's argument in support of its civil conspiracy claim (Count VI) as it is contrary to well-established law and the NHH Agreement.**

The Response argues that "Alliant has pleaded Defendants' unlawful conspiracy in great detail" based on its purported allegations that Defendants "acted in a coordinated effort to intentionally misrepresent the R&R Policy, conceal the nature of their relationship with each other and others, and assist each other in breaching the R&R Policy and violating Alliant's rights thereunder." (Response (Dkt. No. 31) at 16 (citing to Am. Compl. (Dkt. No. 6) at ¶¶ 106–107, 137).) Alliant, however, relies on three sentences in the Amended Complaint that do not provide "great detail" or include all of the purported allegations. Even if those claims were in the Amended Complaint, they still fail to state a claim for civil conspiracy. As described above, Alliant's purported claim that Defendants have misrepresented or concealed the Parties' relationships or the application of the R&R Policy to those relationships is directly contradicted by the NHH Agreement, which ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 1 to Motion, NHH Agreement, (Sealed Dkt. No. 16-2; Unsealed Dkt. No. 18-1) ▮▮ ) and expressly provides that Alliant's exclusive access for non-healthcare accounts is through the NHH Agreement and NHH – not Omnia (*id.* ▮▮▮▮ ). The Court should disregard these allegations as they are inconsistent with the NHH Agreement. *See Williams*, 498 Fed. App'x at 534–536.

Furthermore, Alliant's claim that the Defendants "assist each other in breaching the R&R Policy and violating Alliant's rights thereunder" must fail because, as Omnia argued in the Motion, a civil conspiracy claim requires an underlying unlawful act or tort and a breach of contract cannot form the basis for the claim. *See Watts v. Lyon Cnty. Ambulance Serv.,* 23 F. Supp. 3d 792, 811

(W.D. Ky. 2014), aff'd, 597 Fed. App'x 858 (6th Cir. 2015) (stating "[t]o support a civil conspiracy claim, some underlying tortious act must be taken."). As established in the Motion and in this Reply, Alliant failed to sufficiently plead its claim for tortious interference and, therefore, Alliant cannot plead an underlying tortious act as a basis for its civil conspiracy claim. Accordingly, the Court should dismiss Alliant's civil conspiracy claim against Omnia.

**VIII.  The Court should disregard Alliant's attempt to cure its deficient unfair trade practices claim (Count VII) by improperly including new factual allegations not pled in the Amended Complaint.**

As with several of its other claims, Alliant attempts to cure its fatal pleading deficiencies by including entirely new factual allegations as a basis for its unfair trade practices claim. In the Amended Complaint, Alliant simply provides a barebones recitation of the elements for an unfair trade practices claim under Kentucky Revised Statute ("KRS") § 365.050 by claiming that Defendants "secretly provid[ed] special services or privileges to Omnia and/or Pandion, and fail[ed] to provide these same services or privileges to other Sponsors[.]" (Am. Compl. (Dkt. No. 6) at ¶ 146.) In the Response, Alliant includes new factual allegations that it argues support two novel theories of liability: (1) Premier's sale of NHH was somehow a special privilege offered only to Omnia and concealed from other purchasers, and (2) Defendants provided Pandion a special privilege by allowing Pandion to circumvent the R&R Policy without offering that same privilege to others. Neither of these theories of liability or their underlying factual allegations are pled in the Amended Complaint and, therefore, must be disregarded.

Even if the Court were to consider these new allegations, they do not plead a KRS § 365.050 claim against Omnia. First, Alliant has not and cannot establish that a standard commercial transaction wherein Premier sold a portion of its business constitutes an unfair trade practice. Under Alliant's theory, all commercial transactions wherein the seller failed to offer its business to every conceivable purchaser would violate Kentucky law. Even if this was a plausible

13

theory of liability, any such claim that the sale of NHH was withheld from Alliant and/or other possible buyers would be a claim against Premier as the seller—not Omnia as the buyer. Second, even if Alliant had pled that Pandion received a special privilege allowing it to circumvent the R&R Policy, any such claim would be against Premier as the final arbiter of the R&R Policy who determined that Metz's transfer request was improper under Premier's R&R Policy. (Am. Compl. (Dkt. No. 6) ¶¶ 44, 72–76, 97–101; Ex. 1 to Am. Compl., R&R Policy, (Dkt. No. 6-1) at § 9.1.)

Accordingly, the Court must disregard Alliant's improper attempts to supplement the Amended Complaint with unpled theories of liability and factual allegations. Even if the Court considers these late-stage allegations, they do not sufficiently plead a claim under KRS § 365.050. Therefore, the Court should dismiss Alliant's unfair trade practices claim.

**IX.    Sixth Circuit precedent requires the Court to disregard Alliant's throwaway request to amend its Amended Complaint.**

A "request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is ... not a motion to amend." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (internal quotations and citations omitted). Such "throwaway language," particularly when a plaintiff fails to submit a copy of the proposed revised complaint at the time a plaintiff files their opposition brief, should be disregarded as an inadequate motion to amend. *Id.* In the final paragraph of its Response, Alliant throws in a request to amend the Amended Complaint, which would constitute Alliant's second amendment to its pleading, without attaching a proposed revised complaint. (Response (Dkt. No. 31) at 22.) As the Sixth Circuit has determined that such requests are not to be considered as a legitimate motion to amend, the Court should disregard Alliant's "throwaway" request to amend and should dismiss the Amended Complaint with prejudice.

14

## CONCLUSION

For the reasons stated above and in the Motion to Dismiss, Defendant Omnia respectfully

requests that this Court dismiss Alliant's Amended Complaint in its entirety, with prejudice.


**DATED**: 9 April 2025                    Respectfully submitted,

FROST BROWN TODD LLP

*/s/ Jeremiah A. Byrne*
Jeremiah A. Byrne
William B. Decker, III
400 W. Market St., 32nd Floor
Louisville, KY 40202
(502) 589-5400
(502) 581-1087 – Fax
jbyrne@fbtlaw.com
wdecker@fbtlaw.com

*Counsel for Defendant Omnia Partners,*
*LLC*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of April 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and that a true and correct copy of the foregoing was served by electronic mail to the following:

Grahmn N. Morgan
Seth T. Church
Lexie J. Elder
Dinsmore & Shohl LLP
100 W. Main St., Suite 900
Lexington, KY  40507
grahmn.morgan@dinsmore.com
seth.church@dinsmore.com
lexie.elder@dinsmore.com
*Counsel for Plaintiff*

Kent Wicker
Katherine E. Tapp
Wicker Brammell PLLC
323 W. Main St.
11th Floor
Louisville, KY  40202
kent@wickerbrammell.com
katherine@wickerbrammell.com
*Counsel for Defendant, Premier, Inc.*

Harrison S. Carpenter
Ryan Konstanzer
McDermott Will & Emery LLP
1000 N. West Street, Suite 1400
Wilmington, DE 19801
hcarpenter@mwe.com
rkonstanzer@mwe.com
*Counsel for Defendant, Premier, Inc.*

*/s/ Jeremiah A. Byrne*
*Counsel for Defendant Omnia Partners*