IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:25-CV-00006

ALLIANT PURCHASING, LLC                                          PLAINTIFF

vs.

OMNIA PARTNERS, LLC and                                          DEFENDANTS
PREMIER, INC.

## RESPONSE IN OPPOSITION TO DEFENDANT, OMNIA PARTNERS, LLC'S MOTION FOR ORAL ARGUMENT

Plaintiff, Alliant Purchasing, LLC ("Alliant"), submits its Response to Defendant, Omnia Partners, LLC's ("Omnia"), Motion for Oral Argument on its pending motion to dismiss Alliant's Amended Complaint for failing to state claims for which relief can be granted. (Mot. for Oral Argument, ECF No. 35). Omnia's motion to dismiss has been fully briefed. The Court's ruling on Omnia's motion to dismiss will be governed by clear legal standards and must rest entirely on the allegations in Alliant's Amended Complaint. Accordingly, while Alliant will gladly participate in oral argument at the Court's request, it respectfully submits that this matter can and should be resolved on the papers, rendering oral argument unnecessary.

## BACKGROUND

On January 17, 2025, Alliant filed a detailed, 32-page Amended Complaint asserting claims against Omnia and Premier, Inc. ("Premier"), for their various breaches and concerted efforts to tortiously interfere with Alliant's valuable business relationships. (Am. Compl., ECF No. 6). On March 3, 2025, Omnia moved to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failing to state claims for relief, largely arguing that the Court should construe the facts in Omnia's favor contrary to well-settled precedent. (Mot. to Dismiss, ECF No. 16-1). On March 27, 2025, Alliant responded to Omnia's motion, detailing why the Amended Complaint

1

should be permitted to move forward and why Omnia's motion should be denied. (Resp. to Mot. to Dismiss, ECF No. 31). On April 9, 2025, Omnia filed its reply (Reply, ECF No. 32), and this motion requesting oral argument "to make clear the grounds for dismissal" of the Amended Complaint. (Mot. for Oral Argument, ECF No. 35).

**ARGUMENT**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). To survive a motion to dismiss, a complaint need only contain "sufficient factual matter" that, when accepted as true, "states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

At this stage, "it is not the function of the court to weigh evidence or resolve disputes." *Palmer v. Commonwealth Credit Union, Inc.,* Civil Action No. 3:24-cv-295-RGJ, 2024 U.S. Dist. LEXIS 216050, at *3–4 (W.D. Ky. Nov. 26, 2024) (quoting *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). The only question is whether the complaint contains sufficient allegations to plausibly state a claim for relief. *Id.* In making that determination, courts are required "to accept the well-pleaded allegations of a complaint as true and to draw inferences and resolve ambiguities in a plaintiff's favor." *Rembisz v. Lew,* 590 F. App'x 501, 504 (6th Cir. 2014); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (all factual allegations must be taken as true and construed in the light most favorable to the plaintiff). Dismissal under Rule 12(b)(6) is proper "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the

2

claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

Under this well-settled law, Alliant respectfully submits that oral argument is unnecessary and unlikely to aid the Court in resolving this matter. The only question before the Court is whether the allegations in the Amended Complaint, when accepted as true and construed in the light most favorable to Alliant, satisfy the plausibility threshold. That determination is confined to the facts and allegations in the Amended Complaint, which are not subject to variance at oral argument by extraneous evidence.

For these reasons, Alliant submits that this matter is ready for adjudication without further delay, and requests that Omnia's motion for oral argument be denied.

Respectfully submitted,

/s/ Grahmn N. Morgan
Grahmn N. Morgan
Seth T. Church
Lexie J. Elder
DINSMORE & SHOHL LLP
100 W. Main Street, Suite 900
Lexington, Kentucky 40507
Phone: (859) 425-1000
Fax: (859) 425-1099
grahmn.morgan@dinsmore.com
seth.church@dinsmore.com
lexie.elder@dinsmore.com
*Counsel for Plaintiff*

3

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that, on April 30, 2025, the foregoing was electronically filed with the Court's e-filing system, which will send notification to all counsel of record.

/s/ Grahmn N. Morgan
*Counsel for Plaintiff*
