# Exhibit B

| From: | Byrne, Jeremiah <JByrne@fbtlaw.com> |
|---|---|
| Sent: | Wednesday, April 30, 2025 12:20 PM |
| To: | Carpenter, Harrison; Morgan, Grahmn; Kent Wicker; Church, Seth; Clayton, Steele |
| Cc: | Konstanzer, Ryan; Elder, Lexie |
| Subject: | RE: Alliant Purchasing, LLC v. Premier, Inc. and OMNIA Partners, LLC (W.D. Ky.) |

You don't often get email from jbyrne@fbtlaw.com. Learn why this is important

**[ External Email ]**

Sorry for the delay in responding. OMNIA's responses to the particular points below are in red.

OMNIA has no objection to the Federal Court receiving a copy of Alliant's arbitration demand provided there are safeguards on confidentiality.

OMNIA is okay with the changes in the draft. That said, once the changes are accepted, I'd like to review a clean copy before final approval.

**Jeremiah Byrne**
**Attorney at Law | Frost Brown Todd LLP**
Louisville, KY
502.779.8129 Direct
502.541.0725 Mobile
JByrne@fbtlaw.com

**From:** Carpenter, Harrison <Hcarpenter@mwe.com>
**Sent:** Wednesday, April 23, 2025 6:38 PM
**To:** Morgan, Grahmn <grahmn.morgan@dinsmore.com>; Kent Wicker <Kent@wickerbrammell.com>; Church, Seth <Seth.Church@DINSMORE.COM>; Byrne, Jeremiah <JByrne@fbtlaw.com>; Clayton, Steele <SClayton@bassberry.com>
**Cc:** Konstanzer, Ryan <Rkonstanzer@mwe.com>; Elder, Lexie <Lexie.Elder@Dinsmore.com>
**Subject:** Re: Alliant Purchasing, LLC v. Premier, Inc. and OMNIA Partners, LLC (W.D. Ky.)

Thank you, Grahmn. Please see a revised confidentiality agreement attached. We entered our further edits on top of the version that Omnia circulated. We have not accepted all of Alliant's comments, but, to try and find a compromise, we've made several concessions and changes to address concerns. Specific responses are below in green. We're hopeful the parties can agree here and avoid burdening the court with this issue.

Grahmn and Omnia team, please let us know your thoughts on this draft.

Separately, we think the Court should receive a copy of Alliant's arbitration demand. Both defendants have argued that this case should be dismissed because the arbitration involves the same underlying facts and legal theories. Alliant has opposed these arguments. We think in fairness the Court should be able to review the arbitration demand. We're requesting a response from both Alliant and Omnia. If both agree, we will plan to attach the demand (and a redline comparing it to the complaint) to our reply brief, due next week.

HARRISON S. CARPENTER
Partner
**McDermott Will & Emery LLP**  The Brandywine Building, 1000 N. West Street, Suite 1400, Wilmington, DE 19801

1

**Tel** +1 302 485 3909     **Email** hcarpenter@mwe.com
**Website | vCard | LinkedIn**

---

**From:** Morgan, Grahmn <grahmn.morgan@dinsmore.com>
**Date:** Friday, April 18, 2025 at 10:24 AM
**To:** Kent Wicker <Kent@wickerbrammell.com>, Carpenter, Harrison <Hcarpenter@mwe.com>, Church, Seth <Seth.Church@DINSMORE.COM>, Byrne, Jeremiah <JByrne@fbtlaw.com>, Clayton, Steele <SClayton@bassberry.com>
**Cc:** Konstanzer, Ryan <Rkonstanzer@mwe.com>, Elder, Lexie <Lexie.Elder@Dinsmore.com>
**Subject:** RE: Alliant Purchasing, LLC v. Premier, Inc. and OMNIA Partners, LLC (W.D. Ky.)

<mark>[ External Email ]</mark>
Kent,

I was in San Antonio for a temporary injunction hearing that spilled over into multiple days and I only landed back in Kentucky late last night.

Our responses to Omnia's revisions and Premier's comments are below.

As a general matter, if a confidentiality agreement cannot be reached, Alliant is prepared to proceed in this matter without one.  As Kent and I discussed early on, the Court generally disfavors overzealous sealing or non-disclosure of documents and are very adamant that the minimum amount of information possible gets sealed or redacted. The over designation has already occurred with respect to certain filings for which we did not even receive copies.  Accordingly, while Alliant believes its proposed revisions are reasonable and offer a fair and efficient framework for all parties, if Defendants disagree and wish to proceed in that piecemeal and inefficient way, then that is your choice to make.

It is also our position that, if there is to be a confidentiality agreement, it should cover both the litigation and the arbitration. The terms you proposed are not only inefficient, but because there is overlap of counsel, your proposed agreement limiting the use of information to this litigation creates ambiguity that we are not willing to accept.

With respect to Premier's comments, please see Alliant's responses below in bold all of which would be subject to final approval:

- Intro and Para 1 (all references to Alliant's counterproposal) – What was the purpose of these revisions? We think it's not appropriate to add reference to the arbitration proceeding, Premier LP and NHH. The parties to the arbitration will need to handle confidentiality issues separately, under the AAA rules, and at the appropriate time. If the claims in the arbitration proceed to discovery (which is still uncertain) and there is a need/request to cross-designate, we can address that at that time.
  - **See above.**

2

- **Premier continues to disagree here. (1) There is no actual need to address both proceedings in this agreement right now. There is no discovery occurring in either the federal action or the arbitration. The federal action is still at the motion to dismiss stage. The arbitration is at the pleadings stage too. (2) We're also concerned with how the parties would enforce the agreement. Who would have jurisdiction to enforce it? The federal court? AAA? Both? This seems like an unnecessary complication right now, when all we're trying to do is keep 3 contracts confidential. To reiterate, if there is a need in the future to cross-designate documents/information, and way to do it that makes sense, we're willing to discuss at that time.**
  - OMNIA agrees with Premier. There is no need to address the other proceeding at this time and with this agreement. That can be dealt with separately.

- Para 3 – We did not understand the deletion of the last sentence.
  - **This sentence purported to indefinitely require AEO treatment of unmarked documents that were preliminary produced for inspection or copying. Alliant does not agree to AEO provisions.  Omnia has also proposed removing this language.**

- Para 5 – We think a 30-day period makes sense so the parties time to review transcripts and make confidentiality designations. All parties and non-parties benefit from this. Do you have a different view?
  - **We disagree and believe the parties should be able and required to identify confidential testimony on the record at the deposition. If included, Omnia's proposed clawback notice provision would adequately address any parties' inadvertent failure to make sought-after designations.**
  - **We're willing to agree to this revision with Omnia's proposed clawback. Agreed**
  - **We deleted the second-to-last sentence. In retrospect, it's not needed. The only people present in a deposition are likely to be the parties, the parties' counsel, the court reporter, the witness, and the witness's counsel (if different than the parties' counsel). Agreed**

- Para 6 – We think it makes more sense for the party objecting to confidentiality to move the court. That incentivizes being more judicious in raising and presenting objections.
  - **We disagree. Placing the burden on the designating party incentivizes thoughtful and reasonable confidentiality designations being made on the front end, and is aligned with federal case law and discovery rules. We will not agree to language placing the burden on the party challenging the designation.**
  - **We continue to think that the objecting party should be the moving party. We're willing to agree to Omnia's revisions adding the "reasonable good faith belief" standard. As a further compromise, and to address your concerns, we added this language: "The designating Party bears the burden of establishing that the document or information qualifies for CONFIDENTIAL treatment."**
  - OMNIA believes the objecting party should be the moving party. The reasonable good faith language and bears the burden language alleviate any concerns we had.

- Para 8 – Why did you delete the use restriction? That is really the whole point of this (or any) confidentiality agreement.
  - **We disagree.**

3

- Para 8a – We cannot agree to the deletion of "necessary for the prosecution or defense of this action." This deletion would permit any of the parties to distribute confidential information throughout the organization and defeats the purpose of this confidentiality agreement.
  - **Your proposed language creates an unnecessary layer of "necessity" to how Alliant internally shares documents. However, as a concession, and related to the edits discussed above, we will agree to: "the officers and employees of the Parties as necessary for the prosecution or defense of this dispute."**
  - **Thank you. Agreed**


- Para 8b – We did not understand why "participating in the prosecution or defense" was added to the attorneys but deleted in reference to the parties. We think it should be the other way around.
  - **Your draft included the phrase "actively engaged in this action"—a phrase which is overly limiting and could be read to apply extremely narrowly, e.g. to only counsel of record. To remedy that inappropriate narrowness, we utilized your selected phrase "necessary for the prosecution or defense of this action" from 8a.**
  - **Thank you. Agreed**


- [deleted] Para 9 – Again, we did not understand why the use restriction was deleted.
  - **As described above, we will not agree to restrictions that prevent use of documents from the litigation in the arbitration. Provided the agreement defines the term "dispute" to include the litigation and arbitration, we are agreeable to reinserting the deleted paragraph to read: "All documents designated as CONFIDENTIAL or any papers filed with the Court that quote, paraphrase, or otherwise reveal the substance of any document designated as CONFIDENTIAL, shall not be used by any Party for any purpose whatsoever other than for the preparation and trial of this dispute in accordance with the provisions of this Agreement."**
  - **Again, given where the proceedings are, this is not actually needed right now. We think it would be more appropriate to handle this issue at the appropriate time.**
  - See above—we agree with Premier on this point.

- [deleted] Para 10 – We think the attorneys'-eyes-only (AEO) designation should stay in. As I think you know, the Channel Partnership Agreement contains information that is competitively sensitive to Premier (and I believe OMNIA).
  - **We disagree and believe that a confidentiality agreement drafted along the line we proposed addresses this concern by limiting the parties' use of documents to the "dispute." AEO provisions are often abused and routinely overinclusive. They also impact an attorneys' ethical duties to keep their client apprised of the status of the action and to discuss strategy, allowing the client a meaningful opportunity to participate in the prosecution of the case. Of course, we would be remiss not to mention that the "competitively sensitive" information you reference is extremely relevant to the dispute between the parties and was allegedly used to foreclose Alliant's ability to participate as a Sponsor, directly contributing to the anticompetitive harm alleged in this action.**
  - **Omnia and Premier wish to designate as AEO information in only one document – the Channel Partnership Agreement – and within that document, only certain information that Omnia has redacted. That information is highly sensitive and is not "extremely relevant" here. We do not want this information to be made available to decision-makers at Alliant. If**

4

- **Alliant ever moves to another GPO, the individuals who saw this information cannot be expected to "forget" it.**
- **We see two options here: (1) Omnia and Premier will designate the Channel Partnership Agreement as AEO through the motion to dismiss stage. If the court denies the motions to dismiss, the parties will revisit this issue and consider identifying an individual client representative who can view the information to assist counsel. (2) If the parties cannot agree here, as an alternative, we could just continue to use the Channel Partnership Agreement as Omnia redacted.**
- **OMNIA wants the AEO designation to stay in, but is willing to limit it to the limited portions of the Channel Partnership Agreement that were redacted in our filing of that Agreement.**

<br>

- Para 10 – The revisions to this paragraph depend on where the parties come out on the use restriction and AEO provisions. Alliant's counterproposal effectively permits Alliant to distribute and use the Channel Partnership Agreement without restriction, which we cannot agree to.
  - **Again, we will not agree to AEO provisions. The confidentiality agreement would not "permit Alliant to distribute and use the Channel Partnership Agreement without restriction"—its use would be limited to the ongoing dispute and would require the redactions and sealing contemplated by the draft agreement.**
  - **We think the cumulative revisions and responses here address your concerns. Agreed.**

While we disagree that it is proper for Premier to offhand disregard Alliant's edits and revert unilaterally to discussing a prior draft, we have also reviewed Omnia's revisions. To that end, we are amendable, at least in concept, with:

The removal of language formerly under Section 2, beginning with: "A preliminary production of documents…." **We are fine with this. Agreed**

The language proposed in the revised Section 2, which requires a good faith basis for confidentiality designations in accordance with Rule 26(c). **We are fine with this. Agreed**

The addition of a claw back provision, proposed in Section 11, with slight revisions. We would propose the addition of non-waiver language and a requirement on the receiving Party to notify the producing Party if it reasonably believes the producing Party inadvertently produced privileged materials. We can discuss this provision more detail assuming the parties are able to reach an agreement on the other points discussed above. **We are fine with this and have suggested revisions in the draft. Fine with the revisions.**

Thanks.  Grahmn

---

**From:** Kent Wicker <Kent@wickerbrammell.com>
**Sent:** Thursday, April 17, 2025 1:43 PM
**To:** Carpenter, Harrison <Hcarpenter@mwe.com>; Morgan, Grahmn <grahmn.morgan@dinsmore.com>; Church, Seth <Seth.Church@DINSMORE.COM>; Byrne, Jeremiah <JByrne@fbtlaw.com>; Clayton, Steele <SClayton@bassberry.com>
**Cc:** Konstanzer, Ryan <Rkonstanzer@mwe.com>
**Subject:** RE: Alliant Purchasing, LLC v. Premier, Inc. and OMNIA Partners, LLC (W.D. Ky.)

Grahmn and Seth, we have a status report on the confidentiality agreement due to MJ Edwards tomorrow.  Can you please let us know your position on our comments, so we can advise the court?



Kent Wicker
WICKER / BRAMMELL PLLC
323 W. Main Street, 11th Floor
Louisville, Kentucky 40202
(502) 541-5533

www.wickerbrammell.com

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution, or copying of it or its contents is prohibited. If you have received this communication in error, please notify Wicker / Brammell PLLC immediately at (502) 593-4201, and delete this email from your computer. Any statements made herein regarding tax matters, including attachments, may not be relied upon by anyone to avoid tax penalties and are not to be used or referred to in any publication or marketing materials.

**From:** Carpenter, Harrison <Hcarpenter@mwe.com>
**Sent:** Tuesday, April 15, 2025 4:06 PM
**To:** grahmn.morgan@dinsmore.com; Church, Seth <Seth.Church@DINSMORE.COM>; Byrne, Jeremiah <JByrne@fbtlaw.com>; Clayton, Steele <SClayton@bassberry.com>
**Cc:** Kent Wicker <Kent@wickerbrammell.com>; Konstanzer, Ryan <Rkonstanzer@mwe.com>
**Subject:** Alliant Purchasing, LLC v. Premier, Inc. and OMNIA Partners, LLC (W.D. Ky.)

Grahmn and Seth – Thanks for getting back to us with a markup. As explained below, your markup was not workable here. We have implemented acceptable edits into our original proposal – see attached in tracked changes.

I've copied OMNIA's counsel as we think OMNIA needs to have a say here too. Jeremiah and Steele, I've also attached a copy of Alliant's counterproposal and redline showing changes from our original proposal so you can see those too.

We're available this week to discuss.

****

- Intro and Para 1 (all references to Alliant's counterproposal) – What was the purpose of these revisions? We think it's not appropriate to add reference to the arbitration proceeding, Premier LP and NHH. The parties to the arbitration will need to handle confidentiality issues separately, under the AAA rules, and at the appropriate time. If the claims in the arbitration proceed to discovery (which is still uncertain) and there is a need/request to cross-designate, we can address that at that time.

- Para 3 – We did not understand the deletion of the last sentence.

- Para 5 – We think a 30-day period makes sense so the parties time to review transcripts and make confidentiality designations. All parties and non-parties benefit from this. Do you have a different view?

- Para 6 – We think it makes more sense for the party objecting to confidentiality to move the court. That incentivizes being more judicious in raising and presenting objections.

- Para 8 – Why did you delete the use restriction? That is really the whole point of this (or any) confidentiality agreement.

- Para 8a – We cannot agree to the deletion of "necessary for the prosecution or defense of this action." This deletion would permit any of the parties to distribute confidential information throughout the organization and defeats the purpose of this confidentiality agreement.

- Para 8b – We did not understand why "participating in the prosecution or defense" was added to the attorneys but deleted in reference to the parties. We think it should be the other way around.

- [deleted] Para 9 – Again, we did not understand why the use restriction was deleted.

- [deleted] Para 10 – We think the attorneys'-eyes-only (AEO) designation should stay in. As I think you know, the Channel Partnership Agreement contains information that is competitively sensitive to Premier (and I believe OMNIA).

- Para 10 – The revisions to this paragraph depend on where the parties come out on the use restriction and AEO provisions. Alliant's counterproposal effectively permits Alliant to distribute and use the Channel Partnership Agreement without restriction, which we cannot agree to.

HARRISON S. CARPENTER
Partner

**McDermott Will & Emery LLP**  The Brandywine Building, 1000 N. West Street, Suite 1400, Wilmington, DE 19801
**Tel** +1 302 485 3909    **Email** hcarpenter@mwe.com
**Website | vCard | LinkedIn**

*******************************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*******************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record can be corrected.

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Frost Brown Todd LLP at (513) 651-6800, so that our address record can be corrected.