**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| ALLIANT PURCHASING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:25-CV-00006-CHB |
| | ) | |
| OMNIA PARTNERS, LLC and | ) | |
| PREMIER, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**OMNIA PARTNERS, LLC'S MOTION TO**
**DISMISS AMENDED VERIFIED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) Defendant Omnia Partners, LLC ("Omnia") moves to dismiss with prejudice all counts alleged against Omnia in Alliant Purchasing, LLC's ("Alliant" or "Plaintiff") Amended Verified Complaint ("Complaint") (Dkt. No. 6, "Complaint") for failure to state a claim upon which relief can be granted. The grounds for dismissal are set forth in this motion and in Omnia's accompanying memorandum of law in support of this motion.

As an initial matter, Omnia is not a proper party to these proceedings. Plaintiff alleges that Defendant Premier, Inc. operates a national group purchasing program ("GPO") through its subsidiaries, including Premier Healthcare Alliance, LP ("Premier LP"), that allows its members to purchase goods and services under contracts that Premier negotiates with suppliers (the "Premier Program"). Non-party, Non-Healthcare Holdings, LLC ("NHH") is a group purchasing organization for the purchase of non-healthcare goods and services. NHH's B&I Channel Partnership Agreement ("CP Agreement") with non-party Premier LP allows non-healthcare

organizations to access the Premier Program exclusively through NHH. Defendant Omnia is the sole member of NHH.

Plaintiff Alliant is a group purchasing organization whose members include organizations that purchase both healthcare and non-healthcare goods and services. Pursuant to the GPO Participation Agreement between Alliant and NHH ("the NHH Agreement"), Alliant's non-healthcare members can only access the Premier Program through NHH. Non-party Pandion Optimization Alliance ("Pandion") is a group purchasing organization whose non-healthcare members also participate in the Premier Program through NHH.

Despite dressing up a purported breach of contract claim into various supposed torts, the crux of Alliant's Complaint is that Defendants allegedly breached a purported agreement with Alliant by not permitting non-party, Metz Culinary Management, LLC ("Metz"), to transfer its non-healthcare accounts to Alliant. Alliant has contractually agreed that for non-healthcare accounts, Alliant's sole access to the Premier Program GPO is through non-party NHH and the GPO Participation Agreement between Alliant and NHH the NHH Agreement. The NHH Agreement incorporates non-party Premier LP (a subsidiary of Defendant Premier, Inc.) Recruitment and Retention Policy ("R&R Policy") that Alliant alleges was violated by Defendants when Premier LP determined that Metz's requested transfer of its non-healthcare accounts to Alliant was not permitted under the R&R Policy. **The fatal flaw with Alliant's entire Complaint is that Defendant Omnia is not a party to the NHH Agreement or any other agreement with Alliant.**

Because Alliant's only access to the Premier Program for non-healthcare accounts is through NHH and the NHH Agreement, Alliant's sole recourse, if any, for any alleged failure to follow Premier's R&R Policy is dictated by the NHH Agreement. On January 3, 2025, the same

2

day that Alliant filed its original Complaint (Dkt. No. 1), Alliant initiated an arbitration against non-parties NHH and Premier LP, the only parties to the NHH Agreement with Alliant, seeking the same relief sought in this litigation based on the same core facts alleged here—the transfer of Metz's non-healthcare accounts to Alliant. Accordingly, the Court should dismiss Alliant's claims against Omnia in this litigation because Omnia is not a proper party to this dispute and Alliant has already initiated arbitration proceedings against the parties to the NHH Agreement.

Even if the Court were to determine that Omnia is a proper party to this litigation, which is denied, Plaintiff's Complaint must be dismissed for failure to state a claim as set forth below:

1. Alliant's claim for declaratory judgment (Count I) must be dismissed because Omnia is not a proper party, Alliant lacks standing to assert the rights of non-party Metz, and this civil action risks inconsistent rulings with the mandatory arbitration Alliant has filed.

2. Alliant's claim for breach of contract (Count II) must be dismissed because there is no contract between Alliant and Omnia, Alliant does not have standing to assert violations of Metz's purported contractual rights, and non-party Premier LP—not Omnia—was responsible for deciding whether its R&R Policy permitted Metz's transfer request.

3. Alliant's tortious interference claim (Count III) must be dismissed because Alliant cannot allege facts meeting the required element of improper motive.

4. Alliant fails to state claims for breach of fiduciary duties (Count IV) and aiding and abetting the breach of fiduciary duties (Count V) because the Complaint does not and cannot plausibly allege the existence of a fiduciary relationship between Alliant and Defendants.

5. Alliant's claim for civil conspiracy (Count VI) must be dismissed because it is based on a contract claim and is not premised on a viable tort claim.

6. Alliant's claim for unfair trade practices (Count VII) must be dismissed as it fails to allege plausible facts that state a claim under Kentucky Revised Statute § 365.050.

For these reasons and all those set forth in the accompanying memorandum of law, Omnia respectfully requests that the Court grant its motion to dismiss all counts alleged in Alliant's Amended Complaint against Omnia with prejudice.

**DATED**: 5 March 2025

Respectfully submitted,

FROST BROWN TODD LLP

*/s/ Jeremiah A. Byrne*
Jeremiah A. Byrne
William B. Decker, III
400 W. Market St., 32nd Floor
Louisville, KY 40202
(502) 589-5400
(502) 581-1087 – Fax
jbyrne@fbtlaw.com
wdecker@fbtlaw.com

*Counsel for Defendant Omnia Partners, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and that a true and correct copy of the foregoing was served this 5th day of March 2025, by electronic mail to the following:

Grahmn N. Morgan
Seth T. Church
Lexie J. Elder
Dinsmore & Shohl LLP
100 W. Main St., Suite 900
Lexington, KY  40507
grahmn.morgan@dinsmore.com
seth.church@dinsmore.com
lexie.elder@dinsmore.com
*Counsel for Plaintiff*

Kent Wicker
Katherine E. Tapp
Wicker Brammell PLLC
323 W. Main St.
11th Floor
Louisville, KY  40202
kent@wickerbrammell.com
katherine@wickerbrammell.com
*Counsel for Defendant, Premier, Inc.*

*/s/ Jeremiah A. Byrne*
*Counsel for Defendant Omnia Partners*